MEMORANDUM **
Flor Maria Herrera-Escobar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, Cerezo v. Mukasey, 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA’s determination of the governing statutes and regulations, Si-meonov v. Ashcroft, 371 F.3d 532, 535 (9th Cir.2004). We review factual findings for substantial evidence. Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006). We deny the petition for review.
We agree with the BIA’s conclusion that, even assuming Herrera-Escobar testified credibly, she is not eligible for asylum based on her membership in a particular social group, namely, bus employee cashiers who resist criminal gang extortion. See Barrios v. Holder, 581 F.3d 849, 854-56 (9th Cir.2009) (rejecting as a particular social group “young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang’s criminal activities”); Santos-Lemus v. Mukasey, 542 F.3d 738, 745-46 (9th Cir.2008) (rejecting as a particular social group “young men in El Salvador resisting gang violence”) (internal quotation omitted). Further, substantial evidence supports the agency’s finding that Herrera-Escobar did not demonstrate the threats she experienced from gang members demanding money established past persecution or a well-founded fear of future persecution on account of her political opinion. See Santos-Lemus, 542 F.3d at 746-47; see also Parussimova v. Mukasey, 555 F.3d 734, 740-41 (9th Cir.2009) (a protected ground has to be “one central reason” for persecution). Accordingly, because Herrera-Escobar failed to demonstrate that she was persecuted on account of a protected ground, we deny the petition as to her asylum and withholding of removal claims. See Barrios, 581 F.3d at 856.
Herrera-Escobar does not raise any arguments in her opening brief regarding the agency’s denial of her CAT claim. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (issues not supported by argument are deemed waived).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.